UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHERRELL TILLMAN,

                Plaintiff,

-against-

HAVIER VARGAS, et al.,

                Defendants.

21-CV-7029 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, New York, brings this *pro se* action alleging that Defendants have violated her rights by removing her children from her custody.[1] Named as Defendants are 24 individuals, who Plaintiff alleges are involved in the removal of her children, including Sheriff Williams and William Louis, as well as, judges, court reporters, lawyers, Child Protective Service employees, doctors, a babysitter, and a person claiming to be a godmother.

In the United States District Court for the Eastern District of New York, Plaintiff filed a virtually identical complaint naming nearly all of the same defendants. *See Tillman v. Louis*, No. 21-CV-2131 (E.D.N.Y., complaint filed Apr. 15, 2021). The Eastern District dismissed the claims brought against 22 of the 24 defendants but permitted the claims against Sheriff Williams and William Louis to proceed. *Id.* (ECF 4.)

For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

---

[1] Because the complaint contains numerous references to minor children, under Fed. R. Civ. P. 5.2, the Court restricted public access to the complaint.

## DISCUSSION

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Under § 1404(a), transfer is appropriate in this case because the underlying events occurred in Brooklyn, New York, where: Plaintiff resides, the child custody proceedings occurred, and many – if not all – of the defendants reside. As Brooklyn is in Kings County, which falls within the Eastern District of New York, *see* 28 U.S.C. § 112(a), venue is proper in the Eastern District of New York, *see* 28 U.S.C. § 1391(b). Moreover, because Plaintiff has filed a substantially similar complaint in the Eastern District of New York, that is currently pending, that district is the favored forum to litigate this action. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (under the "first-filed rule," when two district courts concurrently

have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit).

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 10, 2021
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge